UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP J. MILLER, | No. C-07-5613 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| GLORIA DAVIS, *et al.*, | |
| Defendants. _____/ | |

On November 5, 2007, Gloria and William Davis initiated this lawsuit in federal court by filing a document titled "Petition for a New Case Number." *See* Docket No. 1. (Although the Davises initiated the lawsuit, they identified themselves as the defendants in the caption and Philip J. Miller as the plaintiff.) In their petition, the Davises take issue with a determination by a state court judge regarding the parties' dispute over an easement over and removal of a tree from the Davises' property.

After reviewing the petition, the Court issued an order instructing the Davises to show cause why this case should not be dismissed based on a lack of federal jurisdiction as well as a lack of personal jurisdiction over Mr. Miller. The Davises filed a response on February 28, 2008. Having reviewed the response, the Court hereby dismisses the case without prejudice.

First, the Davises have failed to show that Mr. Miller was properly served in accordance with Federal Rule of Civil Procedure 4. In their response, the Davises claim that they served Mr. Miller at his two last known addresses and at his mother's residence. There is, however, no evidence to support this claim, not even a declaration from either Mr. Davis or Ms. Davis. Moreover, even if a

1 declaration had been provided, the claim in and of itself does not demonstrate compliance with Rule
2 4. *See* Fed. R. Civ. P. 4(e) (allowing for service on an individual "pursuant to the law of the state in
3 which the district court is located, or in which service is effected" or "by delivering a copy of the
4 summons and of the complaint to the individual personally or by leaving copies thereof at the
5 individual's dwelling house or usual place of abode with some person of suitable age and discretion
6 then residing therein").

7      Second, the Davises contend that this Court has federal question jurisdiction over the case
8 because there was a wrongful taking of their property by Mr. Miller, *see* 42 U.S.C. § 1983, but a
9 private actor, as opposed to a state actor, can be held liable for a § 1983 violation only under certain
10 circumstances. More specifically,

> [a] private individual's action may be "under color of state law" where there is "significant" state involvement in the action. The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.

15 *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

> Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. The test focuses on whether the state has so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity. A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents. To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights.

24 *Id.* at 445 (internal quotation marks omitted). In the instant case, there are insufficient allegations in
25 the petition that Mr. Miller conspired with the state court judge to deprive the Davises of their
26 constitutional rights. At best, the Davises have alleged that the state court judge granted Mr. Miller
27 an easement "as a personal favor to help [Mr. Miller] get out of a financial bind." Pet. at 2.
28

Finally, the Davises have failed to explain why the *Rooker-Feldman* doctrine would not bar the Court from exercising jurisdiction over the case, as it is ultimately a "de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). All that the Davises state in their response is that, if *Kougasian* "were in effect in the early 1960s, then the Ku Klux Klan surely would have used this doctrine to avoid being tried in federal court after being acquitted in state court lynching, bombing, and murder trials." Resp. at 2. What the Davises fail to recognize is that, in *Kougasian*, the Ninth Circuit simply recognized a doctrine that had been laid out by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and that only a few years ago that doctrine was reaffirmed by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

For the foregoing reasons, the Court concluded that the Davises' response is not adequate to show why this case should not be dismissed. The Court therefore dismisses the action in its entirety. Although the *Rooker-Feldman* problem suggests the dismissal shall be with prejudice, because the Davises are acting *pro se*, this dismissal shall be without prejudice. The Davises are cautioned, however, that unless all of the requirements of personal and subject matter jurisdiction are satisfied, should they choose to refile an amended complaint, the next dismissal will be with prejudice. The Davises shall have 30 days from the date of this order to file an amended complaint should they so choose and 60 days thereafter to serve it properly upon Defendant.

IT IS SO ORDERED.

Dated: March 4, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP J. MILLER, | No. C-07-5613 EMC |
|     Plaintiff, | |
|     v. | **CERTIFICATE OF SERVICE** |
| GLORIA DAVIS, *et al.*, | |
|     Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

WILLIAM DAVIS  
GLORIA DAVIS  
1508 Spring Street  
St. Helena, CA  94574

PAUL G. CAREY  
Dickenson Peatman & Fogarty  
809 Coombs Street  
Napa, CA  94559

Dated: March 4, 2008                RICHARD W. WIEKING, CLERK

By: _____/s/_____  
    Leni Doyle  
    Deputy Clerk

United States District Court
For the Northern District of California